**Keith LETTIER, Petitioner–Appellant,**

**v.**

**Robert L. AYERS, Respondent–Appellee.**

**No. 08–15108.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

Keith Lettier, San Quentin, CA, pro se.

Amber N. Wipfler, Esquire, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Keith Lettier, a California state prisoner, appeals pro se the dismissal of his habeas corpus petition under 28 U.S.C. § 2254. He contends that the district court erred in holding that his due process challenges to prison officials' decision to retain a psychological report in his prison file must be brought in a civil rights action under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

A challenge to a condition of imprisonment, as opposed to a challenge to the fact or duration of imprisonment, may not be brought in a habeas petition. *Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir.2003).

Lettier contends that the prison officials' decision affects the duration of his imprisonment because the psychological report, which allegedly contains factual errors, might be viewed disfavorably by the Board of Parole Hearings and decrease his chance of a favorable parole decision. This reasoning is too speculative to establish habeas corpus jurisdiction. *See Wilkinson v. Dotson,* 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (holding that habeas jurisdiction was not proper for claims seeking relief that would render invalid state procedures used to deny parole eligibility and parole suitability); *Ramirez,* 334 F.3d at 859 (holding that habeas jurisdiction was not proper where expungement of disciplinary penalty would not likely accelerate prisoner's release on parole); *cf. Docken v. Chase,* 393 F.3d 1024, 1031 (9th Cir.2004) (holding that claim regarding frequency of parole review was cognizable in habeas).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.